# Composite Exhibit 3

# Exhibit 3-A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

BASHAM, RINGE Y CORREA, S.C.,

       Plaintiff,

 -against-

ARIZONA BEVERAGES USA, LLC,

       Defendant.

Case No. 23 Civ. 8223 (NSR)

---

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO DEFENDANT ARIZONA BEVERAGES USA, LLC**

**PLEASE TAKE NOTICE**, that the undersigned, on behalf of Defendant Arizona Beverages USA, LLC ("Defendant"), hereby responds to Plaintiff Basham, Ringe y Correa, S.C.'s ("Plaintiff's") First Set of Interrogatories to Defendant dated February 15, 2024 (the "Interrogatories," each an "Interrogatory") as follows:

**<u>GENERAL OBJECTIONS</u>**

The following objections apply to all of the Interrogatories, Instructions, and Definitions, whether or not specific objections are interposed, and no provision of information herein may act as a waiver of these objections, which are incorporated by reference into each of the responses:

1.   Defendant objects to the Interrogatories to the extent that they exceed, are inconsistent with, or attempt to broaden the scope of discovery permitted by the Federal Rules of Civil Procedure (the "Rules"), the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), and/or applicable case law.

2.   Defendant objects to the Interrogatories to the extent they seek documents and/or information not likely to lead to items material and necessary to potential claims, objections, or

1

defenses to be asserted in this proceeding.

3.      Defendant objects to the Interrogatories to the extent that they are overbroad and/or not reasonably calculated to lead to the discovery of admissible evidence.

4.      Defendant objects to the Interrogatories to the extent they are vague, ambiguous, and/or fail to describe the documents and/or information sought with reasonable particularity and/or clarity.

5.      Defendant objects to the Interrogatories to the extent they are unduly burdensome, including but not limited to requiring substantial time, cost, and expense in obtaining and producing Electronically Stored Information ("ESI") disproportionate to the amounts and issues in controversy and to the likelihood that discovery of such ESI will aid in the resolution of the dispute, and without, at a minimum, the reallocation of such costs.

6.      Defendant objects to the Interrogatories to the extent they seek the production of documents and/or information that are privileged, including documents and/or information encompassed by the attorney-client privilege or the attorney work product doctrine or documents and/or information that constitute material prepared in anticipation of litigation or trial for or by Defendant or its representatives.

7.      Defendant objects to the Interrogatories to the extent that they are impermissibly compound.

8.      Defendant objects to Plaintiff's Definition No. 6 to the extent that it seeks to improperly expand the scope of the Interrogatories to persons and entities beyond Defendant and those persons within Defendant's immediate control.

9.      Defendant's response or objection to any particular request contained in the Interrogatories does not constitute a waiver, express or implied, or an admission that (1) the

2

requested documents and/or information exist or (2) the requested documents and/or information are in Defendant's possession, custody, or control.

10.     The inadvertent or mistaken release by Defendant of documents encompassed by the attorney-client privilege or the attorney work product doctrine or documents that constitute material prepared in anticipation of litigation or trial for or by Defendant or its representatives shall not constitute a waiver, express or implied, of any kind. In the event such documents are inadvertently or mistakenly produced, Defendant demands that, promptly on notice from Defendant's attorney(s), (1) Plaintiff assembles all such documents and return the originals to Defendant without making copies and (2) Plaintiff's attorney(s) send a writing to Defendant's attorney(s) representing that all such documents have been returned and no copies thereof have been made, or, if copies have been made, such copies have been destroyed.

11.     Notwithstanding Defendant's response to any particular Interrogatory, Defendant reserves all of its rights to object to the competency, relevancy, or admissibility of any document produced to Plaintiff.

12.     Defendant objects to the Interrogatories to the extent that they lack date parameters and are thus overbroad and unduly burdensome.

13.     Defendant expressly reserves the right, pursuant to Rule 26(e), to amend or supplement its responses to the Interrogatories.

14.     The responses and objections contained herein are made on the basis of information now known to Defendant and are made without waiving any further objections to or admitting the relevancy or materiality of any of the information requested. Defendant's investigation, discovery, and preparation for proceedings are continuing and all answers are given without prejudice to Defendant's right to supplement its responses and objections to these Interrogatories, pursuant to

3

applicable law or rules, to provide documents on a "rolling" basis as available, and to introduce or object to the discovery of any documents, facts, or information discovered after the date hereof.

15.    Defendant reserves its right to require, prior to producing any documents, a Stipulation and Order for the Production and Exchange of Confidential Information.

16.    Defendant objects to the Interrogatories to the extent that they incorporate allegations, definitions, terms, or assertions that are disputed or erroneous. By responding and objecting to the Interrogatories, Defendant does not admit the correctness of any such allegations, definitions, terms, or assertions. These objections and responses are not, and shall not be construed as, an agreement with Plaintiff's characterization of any facts or circumstances.

## RESPONSES TO PLAINTIFF'S INTERROGATORIES

1.    Identify each person You know to have knowledge of the facts relating to this Action.

## RESPONSE TO INTERROGATORY NO. 1

Defendant refers to and incorporates the General Objections as though fully set forth herein. Defendant specifically objects to this Interrogatory as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant identifies the following individuals who may have knowledge of facts relating to this Action:

(1) Alejandro Catala

(2) Jorge de Presno

(3) Mariela C. Loyo

(4) Jaqueline Perez Raygoza

(5) Mauricio Arturo Pena Palacios

(6) Alvaro Gonzalez Schiaffino

(7) Eder Ubaldo Gallegos Garduno

4

(8)  Ana Cena

(9)  Hector Calatayud

(10)    Juan Villagra

(11)    Maureen Edgar

(12)    Olivia Swenson

(13)    Heather Capriola

(14)    Blanca Restrepo

(15)    David Menashi

(16)    Martin Cunningham

(17)    Patricia Catalina

(18)    Brian Mannino

2.    Identify each bank account in the name of Defendant, including the account number, branch address, and bank name.

**RESPONSE TO INTERROGATORY NO. 2**

Defendant refers to and incorporates the General Objections as though fully set forth herein. Defendant specifically objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory on the ground that it lacks date parameters, and is thus vague and ambiguous, in addition to overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory on the ground that Plaintiff's definition of "Defendant" is impermissibly overbroad. On the basis of these objections, Defendant will not respond to this Interrogatory.

3.    Identify each bank account in the name of Arizona de México, S. de RL de CV, including the account number, branch address, and bank name.

5

**RESPONSE TO INTERROGATORY NO. 3**

Defendant refers to and incorporates the General Objections as though fully set forth herein. Defendant specifically objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory on the ground that it lacks date parameters, and is thus vague and ambiguous, in addition to overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory on the ground that Arizona de México, S. de RL de CV ("Arizona Mexico") is not a party to this action. On the basis of these objections, Defendant will not respond to this Interrogatory.

4.     Identify each bank account in the name of Defendant from which funds were transferred for the purpose of payment of Plaintiff's invoices. This includes accounts in the name of Defendant, from which funds were transferred to accounts in the name of Arizona de México, S. de RL de CV, for the purpose of payment of Plaintiff's invoices.

**RESPONSE TO INTERROGATORY NO. 4**

Defendant refers to and incorporates the General Objections as though fully set forth herein. Defendant specifically objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory on the ground that Arizona Mexico is not a party. Defendant further objects to this Interrogatory to the extent that it is duplicative of Interrogatory Nos. 2-3. Subject to and without waiving the foregoing objections, none.

5.     Identify any person authorized to act on behalf of Arizona de México, S. de RL de CV.

6

## RESPONSE TO INTERROGATORY NO. 5

Defendant refers to and incorporates the General Objections as though fully set forth herein. Defendant specifically objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory on the ground that it lacks date parameters, and is thus vague and ambiguous, in addition to overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the ground that the phrase "authorized to act" is vague and ambiguous. Defendant further objects to this Interrogatory on the ground that Arizona Mexico is not a party to this action. On the basis of these objections, Defendant will not respond to this Interrogatory.

6.     Identify any officers, directors or members of Arizona de México, S. de RL de CV.

## RESPONSE TO INTERROGATORY NO. 6

Defendant refers to and incorporates the General Objections as though fully set forth herein. Defendant specifically objects to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory on the ground that it lacks date parameters, and is thus vague and ambiguous, in addition to overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory on the ground that Arizona Mexico is not a party to this action. On the basis of these objections, Defendant will not respond to this Interrogatory.

5990826.v5

**PLEASE TAKE FURTHER NOTICE**, that Defendant reserves the right to supplement

its responses to these Interrogatories in the event additional responsive information is discovered.

Dated:  White Plains, New York
        April 24, 2024

                                        **CUDDY & FEDER LLP**

                                        By:_ */s/ Joshua E. Kimerling*_____
                                               Joshua E. Kimerling
                                        445 Hamilton Avenue, 14th Floor
                                        White Plains, New York 10601
                                        (914) 761-1300

                                        *Attorneys for Defendant Arizona Beverages*
                                        *USA LLC*

To:     Counsel for Plaintiff

8

# Exhibit 3-B

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BASHAM, RINGE Y CORREA, S.C., <br><br> Plaintiff, <br><br> -against- <br><br> ARIZONA BEVERAGES USA, LLC, <br><br> Defendant. | Case No. 23 Civ. 8223 (NSR) |

## DEFENDANT'S OBJECTIONS AND RESPONSES TO
## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**PLEASE TAKE NOTICE**, that the undersigned, on behalf of Defendant Arizona Beverages USA, LLC ("Defendant"), hereby responds to Plaintiff Basham, Ringe y Correa, S.C.'s ("Plaintiff's") First Request for Production of Documents dated February 15, 2024 (the "Requests") as follows:

### GENERAL OBJECTIONS

The following objections apply to all of the Requests, Instructions and Definitions, including the instructions relating to Claims of Privilege, regardless of whether specific objections are interposed, and no provision of information herein may act as a waiver of these objections, which are incorporated by reference into each of Defendant's responses to the Requests:

1. Defendant objects to any Demands that seek to impose obligations on Defendant that go beyond, or are inconsistent with, the obligations imposed on the parties pursuant to the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, or any other applicable rules, decisions, or orders of the Court.

2. Defendant objects to the Requests to the extent they seek documents not likely to

1

lead to items material and necessary to potential claims, objections, or defenses to be asserted in this proceeding.

3.      Defendant objects to the Requests to the extent they are overbroad, vague, ambiguous, incomprehensible, disproportionate to the needs of this case, intended solely to harass, and/or not reasonably calculated to lead to the discovery of admissible evidence.

4.      Defendant objects to the Requests to the extent that they do not seek production of information relevant to Plaintiff's claims in this action.

5.      Defendant objects to the Requests to the extent they fail to describe the documents sought with reasonable particularity and/or clarity.

6.      Defendant objects to any Request that calls for the production of communications or documents of any kind that are protected by the attorney-client privilege.

7.      Defendant objects to any Request that calls for trial preparation and/or other information prepared in anticipation of, as a result of, and/or relating to litigation, or that is otherwise protected by the work-product doctrine or other applicable privileges or protections from disclosure.

8.      Defendant objects to any Request to the extent it seeks the production of information and/or documents that are not in the possession, custody, or control of Defendant.

9.      Defendant objects to any Request to the extent it calls for the production of documents that can be obtained by Plaintiff from sources more convenient and less burdensome, including public sources.

10.     Defendant objects to any Request to the extent it calls for the production of documents that are within Plaintiff's possession, custody, or control.

11.     Defendant objects to the Requests to the extent they are unduly burdensome,

2

including but not limited to requiring substantial time, cost, and expense in obtaining and producing Electronically Stored Information ("ESI") disproportionate to the amounts and issues in controversy and to the likelihood that discovery of such ESI will aid in the resolution of the dispute, and without, at a minimum, the reallocation of such costs.

12.    Defendant objects to Plaintiff's Instruction No. 4 on the ground that, by requiring the production of "the file or sub-file in which the responsive document was located," Instruction No. 4 (a) seeks production of nonresponsive, non-relevant documents and/or information, and (b) is overbroad, unduly burdensome, and disproportionate to the needs of this case.

13.    Defendant objects to Plaintiff's Instruction No. 8 to the extent it calls for the production of documents and/or information protected by attorney-client privilege, the work product doctrine, or any other applicable privilege.

14.    Defendant objects to Plaintiff's "Claims of Privilege" Instruction No. 2 to the extent it seeks to impose obligations on Defendant that go beyond, or are inconsistent with, the obligations imposed on the parties pursuant to the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, or any other applicable rules, decisions, or orders of the Court.

15.    Defendant objects to Plaintiff's Definition No. 5 to the extent that it seeks to improperly expand the scope of the Requests to persons and entities beyond Defendant and those persons within Defendant's immediate control.

16.    The inadvertent production of any privileged document(s) shall not be deemed to be a waiver of any applicable privilege with respect to such document or the contents thereof or with respect to any other documents.

17.    Neither the General Objections nor the Responses set forth below are an admission

by Defendant relative to the existence of any information sought, to the relevance or admissibility of any Response, or to the truth or accuracy of any statement or characterization contained in any particular Request and/or Response thereto.

**RESPONSES TO PLAINTIFF'S DOCUMENT REQUESTS**

1.     All documents and communications relating to fees for legal services provided by Basham, Ringe Y Correa, S.C. to you and/or Arizona de México, S. de RL de CV, including emails relating to invoices, wire transfer records, and correspondence relating to payment or non-payment thereof.

**RESPONSE TO REQUEST NO. 1**

Defendant refers to and incorporates the General Objections as though fully set forth herein. Defendant specifically objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent that it seeks production of documents from non-party Arizona de México, S. de RL de CV ("Arizona Mexico"). Defendant further objects to this Request to the extent that it seeks documents and communications protected by attorney-client privilege, the work product doctrine, and/or any other applicable privilege. Defendant further objects to this Request on the ground that it seeks documents and communications within Plaintiff's possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendant will produce any existing, relevant, non-privileged documents within its possession, custody, or control that may be located through a reasonably diligent search, pending the parties' agreement on custodians and search terms to be applied to said search.

2.     Your audited financial statements, including statements of accounts payable and

4

current liabilities.

**RESPONSE TO REQUEST NO. 2**

Defendant refers to and incorporates the General Objections as though fully set forth herein. Defendant specifically objects to this Request as vague, ambiguous, overbroad, unduly burdensome, disproportionate to the needs of the case, intended solely to harass, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the ground that "Your audited financial statements" is vague and ambiguous. Defendant further objects to this Request to the extent it seeks documents and/or information available from public sources.

Based on the foregoing, Defendant will not produce any documents in response to this Request.

3.      All communications with Arizona de México, S. de RL de CV relating to the defense of claims brought by Eugenio Barbachano.

**RESPONSE TO REQUEST NO. 3**

Defendant refers to and incorporates the General Objections as though fully set forth herein. Defendant specifically objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks production of communications from non-party Arizona Mexico. Defendant further objects to this Request to the extent that it seeks communications protected by attorney-client privilege, the work product doctrine, and/or any other applicable privilege. Defendant further objects to this Request to the extent that it seeks communications within Plaintiff's possession, custody, or control.

Subject to and without waiving the foregoing objections, Defendant will produce any

5

5987536.v3

existing, relevant, non-privileged documents within its possession, custody, or control that may be located through a reasonably diligent search, pending the parties' agreement on custodians and search terms to be applied to said search.

4.      All documents relating to the dissolution of Arizona de México, S. de RL de CV, including decisions to attribute expenses to Arizona de México, S. de RL de CV for the purpose of allowing it to claim the value-added-tax ("VAT") on the expenses under Mexican law.

**RESPONSE TO REQUEST NO. 4**

Defendant refers to and incorporates the General Objections as though fully set forth herein. Defendant specifically objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent that it seeks production of documents from non-party Arizona Mexico. Defendant further objects to this Request to the extent that it seeks documents protected by attorney-client privilege, the work product doctrine, and/or any other applicable privilege. Defendant further objects to this Request to the extent that it seeks documents within Plaintiff's possession, custody, or control.

Based on the foregoing, Defendant will not produce any documents in response to this Request.

5.      All communications with or relating to Juan Villagra.

**RESPONSE TO REQUEST NO. 5**

Defendant refers to and incorporates the General Objections as though fully set forth herein. Defendant specifically objects to this Request as vague, ambiguous, overbroad, unduly burdensome, disproportionate to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that

6

it seeks communications protected by attorney-client privilege, the work product doctrine, and/or any other applicable privilege. Defendant further objects to this Request to the extent that it seeks communications within Plaintiff's possession, custody, or control. Defendant further objects to this Request on the ground that "relating to Juan Villagra" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendant will produce any existing, relevant, non-privileged documents within its possession, custody, or control that may be located through a reasonably diligent search, pending the parties' agreement on custodians and search terms to be applied to said search.

6.    All documents relating to the operations of Arizona de México, S. de RL de CV, including its bylaws and articles of incorporation, shareholders, officers, employees, bank accounts, office space, payroll statements, audited financial statements, tax filings under Mexican law, and annual meeting minutes.

**RESPONSE TO REQUEST NO. 6**

Defendant refers to and incorporates the General Objections as though fully set forth herein. Defendant specifically objects to this Request as vague, ambiguous, overbroad, unduly burdensome, disproportionate to the needs of this case, intended solely to harass, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent that it seeks production of documents from non-party Arizona Mexico. Defendant further objects to this Request to the extent that it seeks documents protected by attorney-client privilege, the work product doctrine, and/or any other applicable privilege. Defendant further objects to this Request on the ground that Arizona Mexico is not a party to this action.

Based on the foregoing, Defendant will not produce any documents in response to this Request.

5987536.v3

7.      All documents reflecting or relating to the transfer of funds from You to or for the benefit of Arizona de México, S. de RL de CV.

**RESPONSE TO REQUEST NO. 7**

Defendant refers to and incorporates the General Objections as though fully set forth herein. Defendant specifically objects to this Request as vague, ambiguous, overbroad, unduly burdensome, disproportionate to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks documents protected by attorney-client privilege, the work product doctrine, and/or any other applicable privilege. Defendant further objects to this Request on the ground that "the transfer of funds … for the benefit of [Arizona Mexico]" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Defendant will produce any existing, relevant, non-privileged documents within its possession, custody, or control that may be located through a reasonably diligent search, pending the parties' agreement on custodians and search terms to be applied to said search.

8.      Account opening documents for the Citibank checking account numbered 000009934520, located at 111 Sylvan Ave 1st Floor, Englewood Cliffs NJ 07632-1514 (regardless of whether the date of the account opening, and thus of the document, was before August 1, 2015).

**RESPONSE TO REQUEST NO. 8**

Defendant refers to and incorporates the General Objections as though fully set forth herein. Defendant specifically objects to this Request as unduly burdensome, disproportionate to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent that it seeks production of documents from non-party Arizona Mexico.

Based on the foregoing, Defendant will not produce any documents in response to this Request.

9.      Monthly and annual account statements for the Citibank checking account numbered 000009934520, located at 111 Sylvan Ave 1st Floor, Englewood Cliffs NJ 07632-1514.

**RESPONSE TO REQUEST NO. 9**

Defendant refers to and incorporates the General Objections as though fully set forth herein. Defendant specifically objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks production of documents from non-party Arizona Mexico.

Based on the foregoing, Defendant will not produce any documents in response to this Request.

10.     All communications, including demand letters, from any of Your and/or Your affiliates' external legal counsel relating to Your and/or Your affiliates' alleged failure to pay for legal services rendered (including communications sent before August 1, 2015).

**RESPONSE TO REQUEST NO. 10**

Defendant refers to and incorporates the General Objections as though fully set forth herein. Defendant specifically objects to this Request as vague, ambiguous, overbroad, unduly burdensome, disproportionate to the needs of this case, intended solely to harass, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks communications protected by attorney-client privilege, the work product doctrine, and/or any other applicable privilege. Defendant further objects to this Request to the extent that it seeks communications not within Defendant's possession, custody, or

5987536.v3

control. Defendant further objects to this Request to the extent that it seeks communications within Plaintiff's possession, custody, or control. Defendant further objects to this Request on the ground that the lack of reasonable temporal bounds on this Request, alone, renders it overbroad, unduly burdensome, disproportionate to the needs of the case, intended solely to harass, and not reasonably calculated to lead to the discovery of admissible evidence.

Based on the foregoing, Defendant will not produce any documents in response to this Request.

11.    All documents and communications that You are relying upon or intend to rely upon to support your defenses to this lawsuit.

## RESPONSE TO REQUEST NO. 11

Defendant refers to and incorporates the General Objections as though fully set forth herein. Defendant specifically objects to this Request to the extent that it seeks documents and communications protected by attorney-client privilege, the work product doctrine, or any other applicable privilege. Defendant further objects to this Request to the extent that it seeks documents and communications that constitute material prepared in anticipation of litigation or trial. Defendant further objects to this Request to the extent that it seeks documents and communications within Plaintiff's possession, custody, or control.

Based on the foregoing, Defendant will not produce any documents in response to this Request.

5987536.v3

**PLEASE TAKE FURTHER NOTICE** that Defendant reserves the right to supplement its responses to these Requests in the event additional responsive documents are discovered.

Dated: White Plains, New York
        April 24, 2024

                                        **CUDDY & FEDER LLP**

                                        By: _/s/ Joshua E. Kimerling_____
                                             Joshua E. Kimerling
                                        445 Hamilton Avenue, 14th Floor
                                        White Plains, New York 10601
                                        (914) 761-1300

                                        *Attorneys for Defendant Arizona Beverages USA LLC*

To:    Counsel for Plaintiff