**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BASHAM, RINGE Y CORREA, S.C. | |
| Plaintiff, | Case No. 23-cv-8223 (NSR) |
| -against- | |
| ARIZONA BEVERAGES USA LLC | **REPLY IN SUPPORT OF** |
| Defendant. | **MOTION FOR LEAVE TO** |
| | **AMEND COMPLAINT** |

**REPLY IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff Basham, Ringe y Correa, S.C., hereby submits this Reply in Support of Plaintiff's Motion for Leave to Amend Complaint (the "Reply")[1]. This Court should not be persuaded by Defendant Arizona Beverages USA LLC,'s ("Defendant" or "Arizona USA") unavailing arguments in Defendant's Response in Opposition to Plaintiff's Motion for Leave to Amend (the "Response"). In support of the Motion, Plaintiff states the following:

    **I.**       **Arizona USA Has Not Demonstrated Grounds Sufficient to Support Denying the Motion**

    A.  Defendant Has Not Shown Undue Delay

Defendant's overemphasis on its perception that Plaintiff unduly delayed in filing the Motion is unavailing give that "[i]t is well-settled that in this Circuit, mere delay "absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Contrera v. Langer*, 314 F. Supp. 3d 562, 566 (S.D.N.Y. 2018) (quoting *State Tchrs. Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)). Further, Defendant's hyperbolic contention

---

[1] Except where otherwise defined, capitalized terms have the meaning ascribed in the Motion for Leave to Amend.

SEQUOR LAW, P.A.

that the time between the filing of the Complaint and the Motion constitutes undue delay, without more, is belied by Second Circuit case law. *See Richardson Greenshields Sec., Inc. v. Lau,* 825 F.2d 647, 653 n.6 (2d Cir. 1987) (collecting cases where courts granted leave to amend after delays ranging from two to five years).

      B.  <u>Defendant Has Not Shown Undue Prejudice</u>

As a preliminary matter, Defendant improperly asserts that "the burden is on Plaintiff to demonstrate its proposed amendment would not be prejudicial," despite offering no legal authority to support such position. Response, at 10. Defendant's claim directly flouts decades of case law finding that "[t]he rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing **by the nonmovant** of prejudice or bad faith." *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir. 1993) (construing Federal Rule of Civil Procedure 15(a)).

In addition to Defendant's misallocation of the burden of proof under Rule 15, Defendant incorrectly argues that granting the Motion would cause undue prejudice in that Arizona USA and the Proposed Defendants would allegedly "have to expend substantial resources to defend against" the new claims, which Defendant claims without basis will "unquestionably expand the universe of discovery issues." Response, at 9.  Defendant's position is not supported by the case law or the facts.

For example, in *A.V. by Versace, Inc. v. Gianni Versace S.pA.,* F. Supp 2d 281 (S.D.N.Y. 2000), this Court found that none of the factors relevant to establishing undue prejudice are implicated where "no trial date has yet been set, nor has discovery been completed" and where "there is no indication—and, furthermore, no showing by the motion opponents—that the addition of [additional parties] would in any way materially affect the duration or scope of discovery." *Id.* (further noting that "even if discovery were prolonged, the adverse party's burden of undertaking

2

SEQUOR LAW, P.A.

discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading"). Here, it is undisputed that no trial date has been set nor has discovery been completed. As explained below, the addition of the Proposed Defendants is not likely to affect the duration of discovery because each Proposed Defendant is already a non-party subpoena recipient in this action.

Indeed, Plaintiff has already propounded requests for production to each of the Proposed Defendants and has already received responses from Mr. Menashi.[2] Moreover, the operative Scheduling Order provides that discovery need not be completed until a deadline more than six months away, as of the date of filing this Reply. ECF No. 28, at ¶ 16 (mandating that discovery must be completed by October 31, 2025). For that reason, this Court should follow *Chen v Good Chows Inc.,* 2016 US Dist LEXIS 61691, at *6 (S.D.N.Y. May 3, 2016, No. 14cv5960-FM), which is instructive because—as Defendant notes in the Response—in that case, "any further discovery that would be required would be minimal and would not significantly delay the litigation." Response, at 10. Furthermore, since the Proposed Defendants are similarly situated to Defendant, it is likely that they will not independently seek discovery from Plaintiff, but will obtain copies of discovery which Defendant already sought.

The analysis in the Response goes further astray still. Specifically, Defendant's reliance on *City of Birgmingham Firemen's and Policemen's Supplemental Pension Sys. v. Ryanair Holdings plc,* 18-CV-10330 (JPO), 2022 WL 4377898 (S.D.N.Y. Sept. 22, 2022) is misplaced because the facts are significantly distinguishable to those at bar. In *Ryanair*, the court did not permit amending the complaint because "granting leave would negate prior work, waste prior efforts, and largely

---

[2] Coincidentally, Mr. Menashi's response to the non-party subpoena revealed that counsel for Defendant also serves as counsel for Mr. Menashi. To the extent Defendant's counsel represents the remaining Proposed Defendants—a notion supported by documentary evidence—Plaintiff contends that such joint representation weighs against a finding of undue prejudice and in favor or granting the Motion.

SEQUOR LAW, P.A.

send the parties back to the discovery drawing board." *Id.* at *1 (noting that the proposed amendment would create an "expanded universe of discovery issues" and "require developing and testing new potential search terms"). Moreover, significant attorney and judicial labor had been expended by the time the *Ryanair* court heard the motion seeking leave to amend, as the parties had already fully briefed three discovery disputes and the court had previously resolved dozens of requests relating to the scope of discovery. *Id.* at *2.

Here, by contrast, permitting amendment would not negate prior work because the parties have yet to produce any documents, nor do the proposed amendments expand the universe of discovery issues because the set of operative facts remains largely unchanged in the Proposed Amended Complaint (or "PAC"). Further, the magnitude of the resolved discovery disputes in *Ryanair* weigh against amending that complaint because granting leave to amend would "effectively overrule the Court's rulings excluding a host of topics from the scope of permitted discovery." *Id.* at *2 (cleaned up). The Parties in the instant action, however, have not brought any discovery disputes requiring the Court's attention, as communicated at the April 7, 2025 status conference. Moreover, Arizona USA indicated during the meet-and-confers with Plaintiff, that all the "@drinkarizona.com" email accounts are maintained on a single server—regardless of the entity which employs the account user. This fact, together with Plaintiff's position that the discovery it would seek from the Proposed Defendants does not greatly differ from the discovery it has already sought from the entities in their current role as non-parties, bolsters Plaintiff's position.

In sum, the facts and reasoning described in *Chen* and *Versace* are directly applicable to the facts at bar and instructive, while *Ryanair* opinion is riddled with distinguishable facts and inapposite analysis. For those reasons, this Court should follow the persuasive analysis in the

former cases, find that permitting the filing of the Proposed Amended Complaint will not unduly prejudice any party, and grant the Motion.

**II.**      **The Fifth, Sixth, and Seventh Causes of Action are Properly Pled**

A.    Counts Five, Six, and Seven are not Precluded under New York Law

Contrary to Defendant's assertion, Plaintiff is not precluded from raising both contractual and quasi-contractual claims in the Proposed Amended Complaint because where "there is a bona fide dispute as to the existence of a contract or whether the scope of an existing contract covers the disagreement between the parties, a party will not be required to elect his or her remedies and may proceed on both quasi-contract and breach of contract theories." *Pauwels v. Deloitte LLP,* 83 F.4th 171, 188 (2d Cir. 2023); *see also Pers. Watercraft Prod. SARL v. Robinson,* No. 16-cv-9771, 2017 WL 4329790, at *11 (S.D.N.Y. Sept. 1, 2017) (permitting a promissory estoppel claim to proceed despite plausibly alleging the existence of an agreement because a plaintiff may "plead the alternative theories of promissory estoppel and breach of contract when the defendant does not concede the enforceability of such contract"); *Steward Partners Glob. Advisory, LLC v. Tucker,* 23-CV-6532 (JGLC), 2024 WL 4202697 (S.D.N.Y. Sept. 16, 2024) (permitting plaintiffs to plead quasi-contract claims in the alternative where it was "unclear whether the scope of the parties' contracts cover at least some of the allegations").

The Proposed Amended Complaint asserts one quasi-contractual claim against Defendant and Arizona Mexico, and two quasi-contractual claims against Defendant and the Proposed Defendants. *See* PAC, at ¶¶ 25-27. Defendant contends that an agreement exists which purportedly governs the subject matter in dispute, and that such agreement precludes Plaintiff from asserting any quasi-contractual claims against purported contracting parties and non-contracting parties alike. Response, at 2.

SEQUOR LAW, P.A.

As described in both the operative Complaint and Proposed Amended Complaint, Plaintiff asserts that it entered into a valid and enforceable contract with Defendant Arizona USA. *See* ECF No. 1 at ¶ 58(a) ("In 2015, Defendant Arizona USA (through Mr. Cunningham) hired Plaintiff, based on an engagement letter that was addressed to Arizona USA and stated that Arizona USA would receive the bills"); *see* PAC, at ¶ 74 (alleging same). In its Answer, Defendant denied "each and every allegation mentioned and set forth in Paragraph 58 of the Complaint." ECF No. 11, at ¶ 58. Additionally, the Complaint asserts a breach of contract claim against Defendant in alleging that "Plaintiff and Defendant entered into a valid and enforceable agreement by which Plaintiff would provide legal services to Defendant for the benefit of Defendant and its affiliates at specified prices," which Defendant also denied in its Answer. *Compare* ECF No. 1 at ¶ 61, *with* ECF No. 11, at ¶ 61 (denying corresponding allegation in Complaint).

Upon review of the record, the misleading nature of Defendant's characterization of the facts at bar becomes apparent. Specifically, Defendant seeks to preclude Plaintiff's quasi-contractual claims against Arizona USA, Arizona Mexico, BMU, and Arizona International based on Arizona USA's position that a contract exists between Plaintiff and Arizona Mexico only. Additionally, Plaintiff disagrees that the "issue here is which party engaged Plaintiff pursuant to the governing Agreement." Response, at 1. Accurately stated, the issue in the instant action— whether reviewing the Complaint or Proposed Amended Complaint—is which entities benefitted from Plaintiff's provision of legal services, thereby creating a legal or equitable obligation to compensate Plaintiff thereafter. By disputing that it was a party to the contract, Defendant raises a question of whether there was a meeting of minds sufficient to culminate an agreement. Throughout the parties' relationship, Plaintiff distinguished between its dealings with Arizona Mexico, with its address and agent in Mexico, and Defendant, with its headquarters and agents

6

located in New York. If a finder of fact can conclude—as Defendant asserts—that Plaintiff was mistaken, the same finder of fact can also reasonably conclude that no agreement existed at all.

The facts at bar are analogous to the facts in *Steward Partners,* where this Court allowed the plaintiffs to plead quasi-contract claims in the alternative to contract claims where it was "unclear whether the scope of the parties' contracts cover at least some of the allegations." *Steward Partners,* 2024 WL 4202697 at *7. Moreover, Defendant's Response expressly acknowledges that there is a bona fide dispute as to "whether the scope of an existing contract covers the disagreement between the parties," the Second Circuit has held that contractual and quasi-contractual claims may be plead in the alternative to each other. *Pauwels,* 83 F.4th at 188. For those reasons, this Court should not conclude that Plaintiff is precluded from pleading the Fifth, Sixth, and Seventh Causes of Action.

B.  Plaintiff has Properly Pled the Veil-Piercing and Alter Ego Theories of Liability

Defendant incorrectly claims that the Fifth, Sixth, and Seventh Causes of Action should be barred because the Proposed Amended Complaint purportedly recites only conclusory veil-piercing allegations against them. Defendant, however, mischaracterizes the allegations in the Proposed Amended Complaint and overlooks assertions of specific facts relevant to an alter ego analysis. As described in more detail below, the Proposed Amended Complaint adequately pleads the requisite absence of formalities in corporate decision-making through the allegations highlighting the ambiguous manner in which Messrs. Cunningham and Menashi made critical decisions on behalf of the Proposed Defendants, which is sufficient to provide this Court with a basis to grant the Motion.

As an initial point, the Proposed Amended Complaint alleges that the New York Division of Corporations website lists the same address for Arizona USA, BMU, and Arizona International,

each of whom lists Mr. Cunningham as its respective registered agent. PAC, at ¶¶ 5-8, 11. Moreover, the Proposed Amended Complaint asserts that Mr. Menashi is a director or officer of Arizona USA, Arizona Mexico, BMU, and Arizona International. *Id.*, at ¶ 12. The Proposed Amended Complaint further alleges that all Proposed Defendants "knowingly received and benefitted from Plaintiff's services from 2015 to 2022." *Id.* at ¶ 48.

Additionally, the Proposed Amended Complaint asserts facts containing sufficient specificity to refute Defendant's unfounded contention that Plaintiff's alter ego claims rest on only conclusory legal conclusions against Arizona USA, Arizona Mexico, BMU, and Arizona International. For example, Plaintiff alleges that "throughout Plaintiff's relationship with Arizona Mexico, all pertinent decisions were made or approved by Messrs. Cunningham and Menashi," despite Mr. Cunningham apparently holding no position with Arizona Mexico. PAC, at ¶ 6. Additionally, Plaintiff alleges that "at all relevant times Arizona Mexico did not, and still does not have, an office or employees." *Id.* The Proposed Amended Complaint also alleges that the same individuals were final decisionmakers for both BMU and Arizona International, supported with specific reference to how Messrs. Cunningham and Menashi "sought Basham's advice concerning a lawsuit that BMU and Arizona International brought against Barbachano" in New York. *Id.* at ¶ 35. Indeed, despite not being named parties in the Mexican litigation, BMU and Arizona International asserted in the New York complaint that they had "been dragged into the Mexican judicial system and forced to incur legal expenses" therein. PAC, at ¶ 37. The words filed on behalf of BMU and Arizona International directly refute Defendant's claim that "there is not one shred of factual allegation linking Arizona International [or] BMU" to the legal services Plaintiff provided. Response, at 16. Finally, the Proposed Amended Complaint alleges that Mr. Cunningham—who is not a director or agent of Arizona Mexico—sent a 2019 email

8

communication which referred to the "solid working relationship" Mr. Cunningham enjoyed with Plaintiff "over the past 4 years on these various matters. *Id.* at ¶ 44.

Defendant fares no better in offering legal support for its position, as Defendant mischaracterizes the case law upon which it relies, wholly misstating the holdings and reasonings therein. For instance, *Ferring B.V. v. Allergan, Inc.*, 4 F. Supp 3d 612 (S.D.N.Y. 2014), is inapposite to the instant proceedings because in that case, the district court concluded that it would have denied leave to amend even if the allegations were not conclusory, but because the proposed pleadings in that case were time-barred and two of the entities alleged to be alter egos were not in existence at the time when the wrongful conduct occurred—neither of those significant facts are alleged here, however. *Id.* at 620. Similarly, Defendant incorrectly grounds its objection to Plaintiff's attempt to pierce the corporate veil in *EED Holdings v. Palmer Johnson Acquisition Corp.*, 228 F.R.D. 508 (S.D.N.Y. 2005), despite the fact that the plaintiff in that case asserted claims which sounded in fraudulent inducement, thereby triggering the heightened pleading requirements of Rule 9. *Id.* at 512.

As evidenced upon review of the Proposed Amended Complaint, Defendant's argument that "there is no evidence to suggest that corporate formalities were not observed" misconstrues the lens through which a proposed amended pleading is viewed, and would lead this Court to error if adopted. For those reasons, this Court should find that the Proposed Amended Complaint adequately pleads veil-piercing and alter ego theories of liability.

**III.    This Court Should Grant the Motion as the Allegations and Claims Relate to Arizona Mexico**

Finally, Federal Civil Procedure Rule 15(a)(2) permits a party to amend its pleading "with the opposing party's written consent." Fed. R. Civ. P. 15(a)(2). In the Response, Defendant

SEQUOR LAW, P.A.

concedes that Arizona Mexico would be an appropriate party to add to this litigation, but for Defendant's position that the Motion was unduly delayed and that permitting leave to file the Proposed Amended Complaint causes undue prejudice. Response, at 4, n.5. Plaintiff contends that Defendant's concession in Note 5 of the Response constitutes written consent within the meaning of Rule 15(a)(2), such that this Court should grant the Motion as it pertains to allegations and claims related to Arizona Mexico upon a finding that the Motion is neither unduly delayed nor unduly prejudicial.

<u>**CONCLUSION**</u>

For the reasons stated in the Motion and this Reply, Plaintiff respectfully requests that this Court grant the Motion for leave to amend the Complaint to add: Beverage Marketing USA, Inc., Arizona International, LLC, and Arizona Beverages de México, S. de RL de CV, as reflected in the proposed First Amended Complaint attached as Exhibit 1 to the Motion.

Respectfully submitted,

Dated: April 11, 2025                              SEQUOR LAW, P.A.

*/s/ Nyana A. Miller*
Tara J. Plochocki (NY Bar No. 5359054)
650 Massachusetts Avenue, N.W.,
Suite 600
Washington, D.C., 20001
Tel: (305) 372-8282
tplochocki@sequorlaw.com
*Attorney for Plaintiff*

Nyana Abreu Miller
FL Bar No.: 92903
Templeton N. Timothy
FL. Bar No.: 1025172
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
nmiller@sequorlaw.com
ttimothy@sequorlaw.com

10

SEQUOR LAW, P.A.

Telephone: (305) 372-8282
Facsimile: (305) 372-8202
*Admitted Pro Hac Vice*

## **WORD COUNT CERTIFICATION**

I HEREBY CERTIFY that the Motion brief contains 4,096 words and the Reply contains

2,865 words in accordance with Local Rule 7.1.

By: */s/  Nyana A. Miller*
Nyana A. Miller
Florida Bar No. 92903
*Admitted Pro Hac Vice*

SEQUOR LAW, P.A.