

SEQUOR LAW, P.A.
650 Massachusetts Avenue, N.W.,
Washington, D.C., 20001
Tel:  202-900-8740
Fax: 305-372-8202
tplochocki@sequorlaw.com

July 22, 2025

<u>Via CM/ECF</u>

The Hon. Andrew E. Krause
United States Magistrate Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

   Re: ***Basham, Ringe, Y Correa, S.C. v. Arizona Beverages USA, LLC*** **– Case No.:
      7:23-cv-08223-NSR, Letter regarding affirmative discovery disputes.**

Dear Judge Krause:

  Plaintiff Basham, Ringe, Y Correa, S.C. ("Basham" or "Plaintiff"), hereby files this letter, in accordance with this Court's Order [DE 40], regarding an affirmative discovery dispute that has arisen between Plaintiff and Defendant Arizona Beverages USA, LLC ("Defendant" or "Arizona USA"), as well as other companies in Defendant's corporate group, who have been served with subpoenas: Arizona International LLC [DE 33-1], Beverage Marketing USA [DE 33-2], and Arizona Beverages de Mexico, S. de R.L. de C.V. [DE 30] (collectively, the "Subpoena Recipients"). The crux of the dispute relates to the appropriate scope of discovery while Plaintiff's motion for leave to amend the complaint remains pending.

  As the Court is aware, Plaintiff has moved to amend the complaint to add an individual and several closely related corporate entities as defendants, all of which operate under a common corporate structure with shared officers, employees, and centralized data systems. The proposed amended complaint arises from the same nucleus of facts as the original pleading, and the additional defendants participated in and benefitted from the conduct attributed to Arizona USA in the original complaint. Plaintiff now seeks to proceed with discovery requests that are relevant to both the currently named Defendant and the proposed additional defendants (i.e. the Subpoena Recipients).

The dispute arises because Defendant Arizona USA has asserted—both in its Answer and during discovery meet-and-confers—that it is not the proper party to this dispute. That defense has placed squarely at issue the identity of the correct party or parties responsible for the conduct alleged. The discovery Plaintiff now seeks is aimed precisely at addressing this core defense—namely, who within the shared corporate group directed, executed, or benefited from the Plaintiff's services. The relevant documents are stored on a unified document management system, and the same custodians and executives appear to be involved across all implicated entities.

Despite this, Defendant and the Subpoena Recipients have taken the position that any discovery related to the entities named in the proposed amended complaint is premature and improper unless and until the Court grants leave to amend. Respectfully, that position is untenable where the Defendant itself has placed the identity of the proper party at issue, and where the disputed discovery is directly relevant to resolving that question.

### A. Legal Standard

Under Federal Rule of Civil Procedure 26(b)(1), discovery is appropriate if it is relevant to any party's claims or defenses. Where, as here, a defendant denies responsibility and questions its own involvement, discovery into potentially liable affiliated entities is not only relevant—it is essential.

Moreover, Rule 1 of the Federal Rules of Civil Procedure instructs courts and parties to construe and apply the Rules "to secure the just, speedy, and inexpensive determination of every action[.]" Requiring Plaintiff to wait until the Court rules on the motion to amend before obtaining discovery regarding other entities in the Arizona Beverages corporate family would create unnecessary delay, inefficiency, and duplicative document collection. Because the relevant documents are stored in shared systems and involve the same custodians across multiple related entities, a phased or segmented production would impose additional burdens on both parties.

Even if leave to amend the complaint is not granted, the question of whether Defendant Arizona USA is an alter ego of other entities in the corporate group is squarely before the Court. Courts consistently hold that evidence of corporate formalities (or the lack thereof) and financial information is relevant and necessary for establishing alter ego liability. See Blackmore v. Fossner Timepieces Clock Shop, Inc., 2023 NY Slip Op 33171(U), ¶ 6 (Sup. Ct.) (permitting discovery of corporate documents and financial transactions between corporate affiliates); State of N.Y., City of N.Y., ex rel. Campagna v. Post Integrations, Inc., 2019 NY Slip Op 00700, ¶ 1, 168 A.D.3d 647, 647, 93 N.Y.S.3d 281, 282 (App. Div.).

Finally, Rule 26(b)(2)(C) empowers the Court to tailor discovery to avoid needless cost or duplication. In this instance, allowing overlapping discovery now—targeting shared custodians

and systems used by the Arizona Beverages corporate family—will avoid the expense of multiple rounds of review and production later, especially if the amendment is ultimately granted.

### B. Disputed Document Requests

1. To date, the Defendant and Subpoena Recipients have produced the ledger/financial statement for 2018 for Arizona Beverages de Mexico, S de RL de CV ("ABMX"), which also included ABMX's cash flow records. However, equivalent financial records for other years in the applicable time period (Aug. 1, 2015 to the present) were not produced, nor were the financial records for the other Subpoena Recipients (BMU and Arizona International). Since the documents produced indicate that cash flow records were kept as part of ABMX's financial records, Plaintiff has requested that cash flow records be produced as well.

   ABMX has agreed to produce its financial records for the remaining years in the relevant period, but BMU and Arizona International have refused to make any production absent an order of the Court.

2. Plaintiff requested all invoices related to the personnel-sharing contract between ABMX and BMU, Arizona International, and/or Arizona USA, as well as the roles and titles of those employees at ABMX, BMU, Arizona International, Gloop 22, S de R.L. de CV ("Gloop 22"), and/or Arizona USA. This is within the scope of document requests 7 & 8 of the subpoenas and request 6 in the Arizona USA Request for Documents.

   Arizona USA has objected to Request No. 6 on the grounds that it and ABMX are not even "affiliated" and that Defendant "is under no obligation to seek said information from a wholly separate corporate entity." However, after a subpoena was served on ABMX and the other entities, counsel admitted that these entities all utilize the same servers for document management purposes and that the documents would not be segregated or excluded based solely on the corporate hat allegedly worn by a custodian when he or she touched the responsive document. The Subpoena Recipients have not provided a written response or objection to the subpoenas, but counsel for Arizona USA has now refused to produce broad categories of documents relating to these entities absent an order of the Court.

   At the core of this dispute are questions regarding which entities certain individuals represented in their dealings with Basham. It appears that these individuals, in particular David Menashi, were employees, officers, and agents of Arizona USA and several of the Subpoena Recipients. Newly discovered information has also revealed that they appear to have had decision-making authority for Gloop 22, S de R.L. de CV ("Gloop 22"), an entity

to which ABMX appears to have transferred substantially all of its assets. It also appears that all these entities operate from the same office address and utilize a vague AriZona trademark rather than a specific entity name in their signature blocks. Documents demonstrating control and agency are critical to an understanding of which entities are the proper parties to this dispute.

3. Plaintiff requested documents evidencing that ABMX made any payments for office space, payroll, or personnel shared under the service contract between ABMX and BMU. This is within the scope of request 6 in the ABUSA document request and, if it exists, it must be located on the same servers and must have been handled by the same custodians who represent ABUSA. Arizona USA refused to produce on the grounds of relevance.

4. Plaintiff requested organizational charts and documents regarding the relationship between Gloop 22 and ABMX. This is within the scope of document request 8 in the Rule 45 subpoena to ABMX. While ABMX never formally responded or objected to that subpoena, it has now refused to produce these documents on the grounds of relevance.

5. Plaintiff requested all documents relating to the incorporation of BMU and Arizona International, as stated in document requests 6 and 9. While they never formally responded or objected, they are now refusing to produce on grounds of relevance to the operative Complaint.

6. Plaintiff requested the payroll statements for Mr. Manshi and Mr. Cunningham if either is an officer, employee, or agent of BMU or Arizona International. Again, this was not provided on grounds of relevance under the operative Complaint.

7. Plaintiff requested the organizational charts for Arizona USA, BMU, and Arizona International. These organizational charts are within the scope of document request number 8 in the subpoenas. Only Defendant Arizona USA has agreed to search for an organizational chart, and the remaining entities have not formally responded or objected.

8. Plaintiff requested the annual meeting notes for Arizona Mexico pursuant to document request number 15, which that company has undertaken to search for.

Finally, Plaintiff will shortly seek to serve supplemental document requests regarding the apparent transfer of substantially all ABMX's assets and funds to other entities in the corporate group, including Gloop 22.

Defendant indicated a willingness to meet and confer on the supplemental discovery requests, which we will accomplish prior to the Court's status conference next week.

SEQUOR LAW, P.A.

July 22, 2025
Page 5 of 5

Dated: July 22, 2025

                                    Respectfully submitted,

                                    SEQUOR LAW, P.A.

                                    */s/ Nyana Abreu Miller*
                                    Tara J. Plochocki (NY Bar No. 5359054)
                                    650 Massachusetts Avenue, N.W.,
                                    Suite 600
                                    Washington, D.C., 20001
                                    Tel: (305) 372-8282
                                    tplochocki@sequorlaw.com
                                    *Attorney for Plaintiff*

                                    Nyana Abreu Miller
                                    FL Bar No.: 92903
                                    1111 Brickel Avenue, Suite 1250
                                    Miami, Florida 33131
                                    Tel: (305) 372-8282
                                    Fax: (305) 372-8202
                                    nmiller@sequorlaw.com
                                    *Admitted Pro Hac Vice*

cc: All Counsel of Record (via ECF)